UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **CLARENCE R. DODGE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:05-CV-00092 |
| | ) | |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER DENYING APPROVAL
OF STIPULATED PROTECTIVE ORDER**

Before the Court is a stipulation by the parties seeking approval of a proposed protective order. (Docket # 21.) As the proposed order contains a major defect, it will be DENIED.

The proposed order's definition of "Confidential Documents" is impermissibly broad:

 1. In the event that any documents, materials, testimony or other matters developed during the course of discovery or at the trial of this cause are designated as "confidential," such confidential documents, materials, testimony or other matters, and the information therein, shall be maintained in confidence, as defined herein, and shall be subject to the remaining provisions of this Order.

 2. The following categories of documents produced by any party to this lawsuit, whether or not such documents are designated as "confidential," shall be maintained in confidence, as defined herein, and shall be subject to the remaining provisions of this Order: All employment records, including personnel files, of any current or former Lincoln National Life Insurance Company ("Lincoln") employee who is not a party to this action, and all records containing trade secrets or confidential, proprietary information about Lincoln's business and/or human resources strategies that is not accessible to the public and that could be used by third parties to Lincoln's detriment.

 3. The documents described in Paragraphs 1 and 2 are hereinafter referred to as the "Confidential Documents."

(Proposed Stipulated Protective Order ¶¶ 1-3.) Federal Rule of Civil Procedure 26(c)(7) allows

the Court to enter a protective order for good cause shown. *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999).  However, the protective order submitted by the parties provides no basis for finding good cause.

First, the proposed order makes no effort to specify why the purported protected materials are confidential and "could be used by third parties to Lincoln's detriment." (*See* Proposed Stipulated Protective Order ¶ 2.)  "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. March 28, 2003) (citing *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 547 (7th Cir. 2002)).

Second, paragraph 1 of the proposed order simply enables a party to freely designate information as confidential "in good faith" as long as it has "a reasonable basis for doing so." This is vague and overly broad, as a protective order must extend only to "properly demarcated categor[ies] of legitimately confidential information." *Cincinnati Insurance*, 178 F.3d at 945-46 (noting that a broad protective order granting carte blanche discretion to a party is invalid). Furthermore, the phrase "trade secrets or confidential, proprietary information about Lincoln's business and/or human resources strategies" in paragraph 2 of the proposed order creates so broad and faceless of a category of confidential information that it really is no category at all. *See id.*; *see also MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook Inc. v. Boston Scientific Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001); *Andrew Corp. v. Rossi,* 180 F.R.D. 338, 342 (N.D. Ill. 1998).

Additionally, the incorporation of the phrase "not accessible to the public" in paragraph 2 is overly broad and vague.

> 'Non-public' is too vague. If it means only that the information is not available to the general public, then it is insufficient because the information must be kept secret from and not be readily ascertainable by potential competitors. . . . If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available.  They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material.

*Cook*, 206 F.R.D. at 248-49.  For material to be protected, it "must give the holder an economic advantage and threaten a competitive injury -- business information whose release harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.*  Here, just because Lincoln does not generally release certain information to the public, does not necessarily mean that the release of such information will rise to the level of causing competitive harm or creating a competitive advantage for others.

Finally, the proposed order endeavors to cause documents "containing" confidential information to be filed under seal (*see* Proposed Stipulated Protective Order ¶¶ 2, 5), rather than solely protecting the actual confidential material. *See Cincinnati Insurance*, 178 F.3d at 945 (stating that an order sealing documents containing confidential information is overly broad because a document containing confidential information may also contain material that is not confidential, in which case a party's interest in maintaining the confidential information would be adequately protected by redacting only portions of the document).

Indeed, if the Court were to approve this order, the parties would be left with a "virtual carte blanche . . . to seal whatever portions of the record the party wanted to seal," as the proposed order is not limited to the discovery phase of the proceedings. *Id.* at 944.  The Seventh

Circuit has repeatedly held that such overly broad protective orders are invalid. *See, e.g., id.* at 945.  "Obtaining a protective order in an appropriate case need not be a[n] onerous task.  But such an order may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Of course, the parties may submit a revised protective order consistent with the requirements of Rule 26(c)(7) and Seventh Circuit case law, but what has been submitted thus far is inadequate.     For these reasons, the Court hereby DENIES approval of the proposed stipulated protective order submitted by the parties (Docket # 21).

SO ORDERED.

Enter for this 23rd day of November, 2005.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge

4